**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JUL 23 2025

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANUEL DE JESUS DIAZ-DIAZ; N. D.-H., | No. 23-3709 |
| Petitioners, | Agency Nos. A220-790-079 A220-790-078 |
| v. | MEMORANDUM* |
| PAMELA BONDI, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2025**

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Manuel De Jesus Diaz-Diaz and his daughter, natives and citizens of El
Salvador, petition for review of the Board of Immigration Appeals' ("BIA")
affirmance of an Immigration Judge's ("IJ") decision denying their applications for
asylum, withholding of removal, and protection under the Convention Against

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). As the parties are familiar with the facts, we do not recount them here except as they pertain to our ruling.

We have jurisdiction under 8 U.S.C. § 1252(a)(1) and deny the petition for review. "[O]ur review is 'limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted.'" *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (quoting *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006)). "In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam).

The BIA held that Petitioners waived any argument regarding nexus in their asylum and withholding of removal claims by failing to address the issue. Thus, this argument was not exhausted as required by 8 U.S.C. § 1252(d)(1). *See Rizo v. Lynch*, 810 F.3d 688, 692 (9th Cir. 2016). Furthermore, Petitioners' brief to our Court does not "specifically and distinctly" argue that this ruling was error, thus, they have forfeited any challenge to the BIA's waiver determination. *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (quoting *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020)). Failure to establish a nexus is dispositive of Petitioners' claims for both asylum and withholding of removal. *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016).

As for Petitioners' CAT claim, substantial evidence supports the BIA's conclusion that Petitioners will not be tortured in El Salvador with the acquiescence

of the government.  *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a).  Petitioner never reported the threats he received to the police, and there is no evidence in the record that the police may have otherwise been made aware of the threats against him when he was in El Salvador.  Petitioner has numerous siblings, parents, and a son who have been living in El Salvador since he left and there is no evidence they have been contacted by these gang members.

**PETITION DENIED.**